**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDY ERNESTO DE LEON VASQUEZ, | No. 21-70254 |
| Petitioner, | Agency No. A072-398-472 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2022[**]
San Francisco, California

Before: GOULD, NGUYEN, and BENNETT, Circuit Judges.

Fredy De Leon Vasquez ("De Leon"), a native and citizen of Guatemala,

served in Guatemala's Civil Patrol from 1987 to 1990 during its civil war. De

Leon helped the military identify and locate suspected anti-government guerillas.

He summoned the suspects from their homes knowing that they would be beaten,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jailed, and sometimes killed by the soldiers he assisted. And he witnessed these acts, including the extrajudicial executions. De Leon eventually left Guatemala fearing death after guerillas launched a grenade at his patrol unit.

De Leon entered the United States without inspection on or about November 1, 1990. He applied for asylum in January 1992, describing fear of harm from anti-government guerillas. After extensive delays, in January 2021, the Board of Immigration Appeals ("BIA") dismissed De Leon's appeal from the Immigration Judge's ("IJ") denial of his applications for immigration relief because he assisted or otherwise participated in the persecution of others on account of their political opinion, rendering him ineligible for relief. We have jurisdiction under 8 U.S.C. § 1252 and deny De Leon's petition for review.

Noncitizens who have "ordered, incited, assisted, or otherwise participated in the persecution of" others are ineligible for asylum and both statutory and Convention Against Torture ("CAT") withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); 8 C.F.R. § 1208.16(d)(2).[1] Courts call this prohibition the "persecutor bar." *E.g.*, *Aragon-Salazar v. Holder*, 769 F.3d 699,

---

[1] This prohibition does not bar noncitizens from obtaining CAT deferral of removal. *Negusie v. Holder*, 555 U.S. 511, 514 (2009). It does not appear that De Leon claims on appeal that he is entitled such relief. But it would not matter if he had. De Leon waived any challenge to the IJ's denial of CAT deferral before the BIA. Failure to exhaust administrative remedies would prevent this Court from exercising jurisdiction over such a claim. *See* 8 U.S.C. § 1252(d)(1).

701 n.1 (9th Cir. 2014). Though "persecution" is undefined by statute, "our case law defines it as the infliction of suffering or harm upon those who differ in a way regarded as offensive." *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 925 (9th Cir. 2006) (cleaned up). For the persecutor bar to apply, a noncitizen must inflict persecution on account of the victim's "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i); *see also* 8 C.F.R. § 1208.16(d)(2). As a protected ground, political opinion includes "imputed political opinion." *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015) (citation omitted).

Whether a noncitizen assisted or otherwise participated in persecution is a two-pronged inquiry. The court makes "a particularized evaluation of both personal involvement and purposeful assistance in order to ascertain culpability." *Miranda Alvarado*, 449 F.3d at 927.[2] To assess personal involvement, we "examine whether the petitioner's involvement was active or passive." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). And to assess purposeful assistance, we "examine whether the petitioner's acts were material to the persecutory end."

---

[2] The BIA has declined to follow our test and instead considers "(1) the nexus between the alien's role, acts, or inaction, and the [acts of persecution]; and (2) his scienter, meaning his prior or contemporaneous knowledge of the [persecution]." *Matter of D-R-*, 27 I. & N. Dec. 105, 120 (B.I.A. 2017). We need not determine whether *D-R-* supersedes our test because the persecutor bar applies here under either standard.

*Id.* at 999. We also consider whether the "actions were motivated by self-defense or similar extenuating circumstances." *Miranda Alvarado*, 449 F.3d at 929; *see also Kumar*, 728 F.3d at 999–1000.[3]

Substantial evidence supports the BIA's finding that De Leon is ineligible for relief. *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011). De Leon served in the Guatemalan Civil Patrol from 1987 to 1990, helping soldiers locate suspected guerillas in his neighborhood and then summoning the suspects from their homes. He did this knowing that the soldiers would interrogate, beat, and sometimes kill the suspects, and he witnessed those acts multiple times. Without De Leon's assistance, the targeted suspects might have never been identified, located, and persecuted.

Neither were De Leon's actions motivated by self-defense or similar extenuating circumstances. De Leon argues that he believed he would have been killed if he had spoken out against the Guatemalan army while he served in the Civil Patrol. But that belief, no matter how reasonable, does not give rise to a self-defense claim. *Cf. Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1252–53 (9th Cir. 2004). And agency precedent holds that the persecutor bar has no exception for acts committed under duress or coercion. *See Matter of Negusie*, 28 I. & N. Dec. 120, 121 (A.G. 2020). By failing to cite, much less dispute, *Negusie*, De Leon has

---

[3] Our case law does not define "similar extenuating circumstances."

waived any challenge to that precedent and to the BIA's reliance on it here.

De Leon errs in arguing categorically that activity directly related to a civil war is not persecution. Unlike "on-the-battlefield conflict," within which various actions might not be persecution, identifying and summoning suspects to be questioned, abused, and extrajudicially killed are not acts "inherent in armed conflict." *Miranda Alvarado*, 449 F.3d at 932.

Substantial evidence also supports the BIA's determination that De Leon's persecution was on account of the protected ground of imputed political opinion. "[T]he protected ground need only constitute a motive for the persecution in question; it need not be the sole motive." *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1076 (9th Cir. 2004) (citation omitted). De Leon argues that the suspects were merely those who refused conscription into the Civil Patrol. But in his asylum interview and declarations, De Leon confirmed that the suspects *were* targeted because they were suspected guerillas, and background record evidence provides further support.

De Leon's personal motive is irrelevant. Under the persecutor bar, the noncitizen need not "share in the persecutory motive." *Negusie*, 28 I. & N. Dec. at 126 n.4.

**PETITION DENIED.**